NO. 7521.          STATE OF LOUISIANA.

LOUIS PETIT.

        VS            COURT OF APPEAL

MR AND MRS SAMUEL DEPASS.      PARISH OF ORLEANS.

7521

## OPINION.

St Paul, Judge,

On November 3rd 1910 plaintiff filed this suit claiming the ownership of a certain tomb and asking an injunction and certain damages in connection therewith. On July 15th, 1911, before final judgment, the case was continued to be re-assigned. No other proceeding whatever was had in the case until August 1st, 1918 when it was placed on the call docket to be fixed and tried. Thereupon defendants moved that the case be dismissed as having been abandoned by plaintiff; and this motion having been allowed the plaintiff appeals.

Act 107 of 1898 amends Article 3519 C. C. and provides that when a plaintiff shall at any time before final judgment allow five years to elapse ##### without taking any step to prosecute his claim he shall be considered as having abandoned it.

In Lockart vs Lockart and Teutonia L. & B. Co vs Connolly, *113 La 872; City vs Jockey Club, 129 La 65;* 133 La 401; the Supreme Court held in effect that the statute was self operative; to-wit, that a case so situated might be dismissed at any stage upon the suggestion of any person interested. And in State vs Judge, 11 Court of Appeal 288, this court held that a step in the prosecution of a suit meant some formal move before the court intended to hasten judgment.

It is urged however that as said article is found## in the code under the head of "causes which interrupt prescription" it applies only when an issue of prescription arises and not otherwise.

But so to hold would be to nullify the statute. For the issues in a suit are ### to be decided according to the status of things at the time the citation issues, and hence prescription not accrued at that time can never avail in that suit; so that if a suit may still continue in spite of the five years inaction it follows that such inaction cannot prejudice the plaintiff and the statute would thus be utterly ineffective. Of course a statute cannot be thus emasculated.

We think the suit was properly dismissed.

The judgment appealed from is therefore affirmed.